IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny Earl Mahaffey, #323863, | ) | C/A No. 5:15-02727-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Johnny Earl Mahaffey ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 23, 24. On November 4, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 25. On December 14, 2015, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 36. The same day he filed his Response Petitioner filed a Motion to Amend his Petition. ECF No. 37. Respondent filed a Response to Petitioner's Motion to Amend on January 4, 2016, ECF No. 38, and Petitioner filed no Reply to the Response. These matters are now ripe for review. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be granted. Additionally, Petitioner's Motion to Amend, ECF No. 37, is

granted, and within this Report and Recommendation, the undersigned will address all issues Petitioner raised in his Motion to Amend.

I.    Background

Petitioner is currently incarcerated in the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2006, Petitioner was indicted at the November term of the Anderson County Grand Jury for murder (2006-GS-04-3508) and possession of a firearm during the commission of a violent crime (2006-GS-04-3508). App. 713-716.[1] Petitioner proceeded to trial on September 4, 2007, and Public Defender Robert A. Gamble represented Petitioner, and Assistant Solicitor Rame Campbell represented the State. App. 1. Petitioner was tried before the Honorable J.C. Nicholson. *Id.* At conclusion of his trial, the jury found Petitioner guilty of the two charges. App. 695-96. Judge Nicholson sentenced Petitioner to life-imprisonment for the murder charge and five-years imprisonment for the possession charge. App. 710. Judge Nicholson ordered the possessions conviction run consecutive to the life imprisonment. App. 710.

Chief Appellate Defender Robert M. Dudek represented Petitioner on direct appeal. ECF No. 23-4. In an *Anders*' appellate brief,[2] Petitioner raised the following issue:

> Whether the court abused its discretion by refusing to declare a mistrial where it was undisputed a spectator held up a photograph of the decedent for the jury to view during closing argument and/or the judge's charge on the law since this was an impermissible plea for a verdict based on sympathy or passion and not based on the evidence, and it denied appellant his right to a fair trial?

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript and his claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 23-1, 23-2, and 23-3 in this habeas matter.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

*Id.* at 4. On February 2, 2010, the South Carolina Court of Appeals denied Attorney Dudek's request to be relieved as counsel and instructed the parties to brief the following issues:

> (1) Did the trial court err in denying Appellant's right to recross-examination?
> (2) Did the trial court err in allowing the State to use a demonstrative prop containing the victim's photograph?
> (3) Did the trial court err in denying Appellant's motion for a mistrial?

ECF No. 23-5.  On May 5, 2010, Attorney Dudek filed an appellate brief as instructed, ECF No. 23-6, and on August 5, 2010, the State filed a Response Brief, ECF No. 23-7. On November 7, 2011, the South Carolina Court of Appeals affirmed Petitioner convictions in an unpublished opinion. ECF No. 23-8. On December 2, 2011, the South Carolina Court of Appeals issued a Remittitur. ECF No. 23-9.

II.     Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on April 20, 2012 (2012-CP-04-01524). App. 717-29. Petitioner asserted the following allegations, recited verbatim, regarding his claims:

> a) The trial court erred in denying motion for a mistrial.
> b) Ineffective assistance of counsel and legal malpractice.
> c) There may be others but defendant is not an attorney.

App. 719. Additionally, Petitioner indicated the following facts supported his PCR claims:

> (a) The judge abused its discretion by refusing to declare a mistrial where a spectator held up a photograph of the decedent for the jury to see during closing arguments and/or the judge's charge on the law. This introduced an impermissible outside factor into the case since it was a plea for a verdict based on sympathy and passion towards the said spectator and decedent's family, and not on the actual evidence.
> (b) Attachment 3D clearly states that because:
> '[the attorneys] failed to object to the curative measures or to renew the motion for a mistrial. Therefore, we find this issue to be unpreserved for our review."
> And it is because of this ineffective assistance of counsel that PCR must be filed; otherwise the court of appeals could have reviewed the above issue "A" and this

3

case would have already been reversed and remanded for trial. But because of the
ineffective assistance, the appeal was hindered in its proper process and the
defendant forced to remain in prison while over the passing of more than half a
decade no court has been able to review the above issue "A."
(c) The defendant is not, and does not pretend to be, an attorney of any kind. And
while there are most likely dozens of other relevant issues in this PCR, an actual
attorney (outside of Anderson) would be needed to ensure the due process of
defendant.

App. 720. Assistant Attorney General Kaelon E. May filed a Return on behalf of the State. App.

730-34. A PCR hearing convened on September 18, 2013, before the Honorable R. Lawton

McIntosh. App. 736-89. Petitioner was present and represented by Hugh Welborn, Esq., and

John W. Whitmire, Esq., appeared on behalf of the State. *Id.* In an Order filed December 3, 2013,

the PCR court denied Petitioner's PCR Application in full, making the following findings of fact

and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has reviewed the testimony presented at the evidentiary hearing,
observed the witnesses presented at the hearing, passed upon their credibility, and
weighed the testimony accordingly. Further, this Court reviewed the Clerk of
Court's records regarding the subject convictions, the Applicant's records from
the South Carolina Department of Corrections, the application for post-conviction
relief, the transcripts and exhibits from the prior proceedings, and, and legal
arguments of counsel. Pursuant to S.C. Code Ann. §17-27-80 (2003), this Court
makes the following findings of fact based upon all of the probative evidence
presented.

I.

This Court denied Applicant's pro se motion to relieve counsel and pro se motion
for a continuance. PCR counsel apprised the Court of his prior communications
with Applicant. Respondent further apprised this Court of the case hearing of this
Action. This Court finds PCR counsel has a wealth of experience in PCR actions
and was prepared to present the merits Applicant's claims at the hearing.

As a matter of general impression, Applicant's testimony was entirely lacking of
credibility in comparison to the very credible testimonies provided by his three
attorneys. This Court notes Applicant was provided the unusual benefit of being

4

represented by two of the most experienced criminal trial attorneys in this Circuit. In denying and dismissing this Application, this Court further notes the importance of considering a criminal defendant's conduct in evaluating an attorney's representation under Strickland's deficiency prong. See Strickland, 466 U.S. at 691. ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). Here, the record shows that Applicant on numerous occasions elected to ignore the competent advice of counsel to his own detriment.

A.

This Court finds Applicant has failed to meet his burden to prove his attorneys were ineffective for failing to investigate. In this course of representation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. "Without a doubt, a criminal defense attorney has a duty to investigate, but this duty is limited to reasonable investigation." Ard v. Catoe, 372 S.C. 318, 331, 642 S.E.2d 590, 597 (2007) (citing Thompson v. Wainwright, 787 F.2d 1447, 1450 (11th Cir. 1986) (internal quotations and citations omitted)). Applicant testified his attorneys declined to investigate evidence that showed the victim was the actual aggressor. Applicant testified he purchased the handgun after the victim had attacked him. Applicant testified the murder resulted from a love triangle and was not premeditated. However, this Court notes contradictory testimony from Applicant that he confessed in order to protect his wife from prosecution. Further Applicant stated he stated he was only guilty as an accessory. This Court finds that the attorneys presented a valid theory of defense that influenced their strategic choices.

Furthermore, Applicant failed to produce witnesses or evidence at the hearing that would have mitigated the State's evidence of malice in the murder. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) Applicant testified he desired his attorneys meet with unnamed witnesses but unable to produce their addresses because they were in jail. See Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995) (prejudice from trial counsel's failure to interview or call witnesses could not be shown where the PCR applicant failed to introduce evidence of what the uncalled witnesses' testimony would have been and an applicant's mere speculation what a witnesses' testimony would have been cannot satisfy the applicant's burden of showing prejudice.). All three attorneys testified they would have conducted any additional investigation of facts had Applicant requested.

B.

This Court finds Applicant's allegation that counsel was ineffective for failing to obtain a plea offer is without merit. "Counsel, counsel has duty to communicate to defendant formal plea offers that may have favorable terms and conditions." Missouri v. Frye, __U.S.__, 132 S.Ct. 1399 (2012). "A defendant does not have a constitutional right to plea bargain, a trial judge is not required to accept a plea bargain, and that ordinarily a plea offer is nothing more than an offer until it is accepted by the defendant by entering a court-approved plea of guilty." Custodio v. State, 373 S.C. 4, 10 644 S.E.2d 36, 38-39 (2007). This Court finds counsel's testimony that the State never made a plea offer credible. Furthermore, Applicant produced no evidence that showed a plea offer existed. See Dempsey v. State 363 S.C. 365, 370 610 S.E.2d 812, 815 (2005) (Mere speculation cannot support a finding of prejudice.). Therefore, this allegation is denied and dismissed.

## C.

This Court finds Applicant did not meet his burden to prove ineffective assistance of counsel for failing to preserve the motion for mistrial for appellate review. A defense attorney is not deficient where there is no legal or factual basis for an objection bottomed and premised. Brown v. State, 375 S.C. 464, 485, 652 S.E.2d 765, 776 (Ct. App. 2007). "A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." State v. Ward, 374 S.C. 606, 612, 649 S.E.2d 145, 148 (Ct. App. 2007). "The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law." This Court finds a motion for a mistrial was not warranted where the trial judge employed extraordinary remedial measures to cure any taint from the gallery member holding a small picture of the victim during the jury charge. Co-counsel made a motion for a mistrial outside the presence of the jury after noticing the victim's mother holding an unidentified and innocuous picture of the victim. This Court finds the trial judge acted soundly within his discretion in denying the motion for a mistrial. This Court further finds there was no evidence of State misconduct in an incident that was not inherently prejudicial. All officers of the Court were questioned by the trial judge. Only co-counsel saw the photograph. The gallery member sat on the second row some twenty feet from the jury box and held a small photograph to her chest during the jury charge. (Trial Tr. p.679). Subsequently, the trial judge carefully questioned each juror individually regarding the brief incident. (Trial Tr. pp.671-679). Juror number 72, number 58, and one alternate juror noticed the picture. The trial judge dismissed the only juror number 58 who assumed the picture was of the victim. This Court notes the trial judge was in the best position to determine the credibility of the jurors. See State v. Harris, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000).

This Court further notes the trial judge's ruling was supported by the record which shows: picture was innocuously held only near the spectator's chest; the podium blocked some of the jurors from seeing the spectator in gallery; none of the attorneys except co-counsel noticed the indictment. This Court notes the present scenario was substantial more harmless than the incident that occurred in trial in State v. Anderson, where the South Carolina Supreme Court held a mistrial was not merited. See State v. Anderson, 322 S.C. 89, 91-92, 470 S.E.2d 103, 105 (1996). Therefore, this allegation is denied and dismissed.

II.

This Court finds Applicant also failed the second prong of Strickland – that he was prejudiced by the performance of his attorneys. This Court finds there was overwhelming evidence of Applicant's guilt for murder. "Overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of defendant's trial." Franklin v. Catoe, 346 S.C. 563, 570, 552 S.E.2d 718, 722 n. 3 (2001). Applicant made a detailed confession that led to the recovery of the gun he had intentionally hid from police. Applicant additionally confessed to his wife and to fellow inmate at the Anderson County Detention Center. Shell casings from the scene and bullets from the autopsy of the victim matched the Applicant's gun. Applicant's cell phone records at the time of the murder showed use in close proximity of the scene. The State presented evidence of Applicant's attempts to destroy evidence and manufacture and alibi.

III.

Except as discussed above, this Court finds that the Applicant affirmatively abandons the remaining allegations set forth in his application at the hearing. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

CONCLUSION

Based on all the forgoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application for post-conviction relief. Therefore, this

application for post-conviction relief must be denied and dismissed with prejudice.

This Court notes that Applicant must file and serve a notice of intent to appeal within thirty (30) days from receipt of this Order to secure the appropriate appellate review. See Rule 203, SCACR Rule 71.1(g), SCRCP; Bray v. State, 336 S.C. 137, 620 S.E.2d 743 (2005), for the obligation of Applicant's counsel to file and serve notice of appeal. The Applicant's attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

IT IS THEREFORE ORDERED:
1.  That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and
2.  The Applicant must be remanded to the custody of the Respondent.

App. 793-99. Appellate Defender Kathrine H. Hudgins filed a Petition for Writ of Certiorari on Petitioner's behalf on July 11, 2014. ECF No. 23-10. Therein, he presented the following issue for review: "Did the PCR judge err in refusing to find trial counsel ineffective for not preserving for appellate review the trial judge's refusal to grant a mistrial based on the fact that the decedent's mother held a framed photo of the decedent in view of the jury during closing arguments and the jury instruction?" *Id.* at 3. The State filed a Return to the Petition on November 4, 2014. ECF No. 23-11. The South Carolina Supreme Court denied the petition on December 18, 2014, ECF No. 23-12, and issued the Remittitur on January 5, 2015, ECF No. 23-13. This federal habeas Petition followed and was filed on July 9, 2015. ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

GROUND ONE: Applicant's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States and South Carolina law

8

was violated when applicant's counsel failed to object to the trial judge's remedies. ECF No. 1 at 6.

Supporting Facts: The South Carolina Court of Appeals was unable to judge upon the spectator influence by citing a law that showed applicant's counsel was suppose to object to the trial judges remedies concerning the spectator influence. *See id.*

GROUND TWO: Applicant's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and South Carolina law was violated when applicant's counsel failed to resubmit motion for a mistrial. *Id.* at 8.

Supporting Facts: The South Carolina Court of Appeals was unable to judge upon the spectator influence by citing a law that showed applicant's counsel was suppose to object to the trial judges remedies concerning the spectator influence, and then resubmit motion for mistrial. *See id.*

GROUND THREE:  Applicant's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and South Carolina law was violated when applicant's counsel failed to properly preserve the issue of spectator influence. *Id.* at 9.

Supporting Facts: The South Carolina Court of Appeals was unable to judge upon the spectator influence by citing a law that showed applicant's counsel lacking the knowledge of the laws at the time of trial: a fault admitted to by applicant's counsel, Robert Gamble, under oath at the Post Conviction Relief hearing. *See id.*

GROUND FOUR:  Applicant's right to a Fair trial with an untainted and impartial jury pusuant to United States and South Carolina law was violated when the trial court erred in denying motion for a mistrial. *Id.* at 11.

Supporting Facts: Although a trial judge has discretion in many matters, the failure to rule a mistrial after a spectator held up a picture of the victim during closing arguments is not excusable, ___ with the damages upon the final verdict irreparable. If any, even just the one that admitted became influence, it is only logical to assume others may have had their opinion(s) swayed by the spectator influence. *See id.*

GROUND FIVE: Applicant's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and South Carolina law was violated when Anderson county appointed Timothy Clardy to applicant's Appeal. *Id.* at 13.

Supporting Facts:

(a) After Mr. Clardy was appointed, all attempts to contact him via phone, certified mail, and visits from applicant's family were futile. Mr. Clardy's name was rubber stamped on what appears to be template notices for various applicants

at that time. This further attested to the neglegent behaviors of the Anderson county judicial system of the time. *Id.*
(b) Attempts to argue this with attorneys within same level of State courts went no where. *Id.*

GROUND SIX:    Applicant's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and South Carolina law was violated when Hugh Welborn, Esquire, appointed to defend applicant at his Post-conviction hearing was unable to identify defendant on stand, revealing that he did not know his own client, and was unfamiliar with him and the case. *Id.*
Supporting Facts: Petitioner references page 10 of the PCR transcript in support of Ground Six. *See id.*

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

10

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362,  (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

11

a. Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a

12

state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.  Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and §

13

2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an

incorrect application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina

courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a

17

direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in

state court. If the state courts have applied a procedural bar to a claim because of an earlier

default in the state courts, the federal court honors that bar.  As the United States Supreme Court

explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial
> decisions, but also the finality of those decisions, by forcing the defendant to
> litigate all of his claims together, as quickly after trial as the docket will allow,
> and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance

with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional

violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533

(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply

with state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S.

478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by

state rules from returning to state court to raise the issue, he has procedurally bypassed his

opportunity for relief in the state courts and in federal court. A federal court is barred from

considering the filed claim (absent a showing of cause and actual prejudice). In such an instance,

the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Teague*

*v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*,

501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

3.    Cause and Actual Prejudice

18

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

III.     Analysis

    A. Procedurally-Barred Grounds

As an initial matter, Respondent argues that Grounds One, Two, and Three—which challenge trial counsel's failure to preserve the mistrial issue for review on appeal— are preserved for review. ECF No. 23 at 12. However, Respondent maintains that to the extent Petitioner alleged a violation of state law, "such an allegation is not cognizable and an exhaustion analysis is unnecessary." *Id.* Additionally, Respondent argues that "Ground Four is defaulted as it is a direct appeal issue that was presented in the direct appeal but unavailable for review on the merits for procedural deficiency." *Id.* Finally, Respondent contends: "Grounds

Five and Six, to the extent they assert any claim at all, are premised on state law and/or challenge the state post-conviction relief process. Neither is cognizable in this action." *Id.*

As indicated in the background section of this Report, the following three direct appeal issues were raised to and ruled upon by the South Carolina Court of Appeals:

(1) Did the trial court err in denying Appellant's right to recross-examination?
(2) Did the trial court err in allowing the State to use a demonstrative prop containing the victim's photograph?
(3) Did the trial court err in denying Appellant's motion for a mistrial?

ECF No. 23-5. Additionally, the following PCR issue was raised to and ruled upon by the South Carolina Supreme Court: "Did the PCR judge err in refusing to find trial counsel ineffective for not preserving for appellate review the trial judge's refusal to grant a mistrial based on the fact that the decedent's mother held a framed photo of the decedent in view of the jury during closing arguments and the jury instruction?" ECF No. 23-10.

1.     Ground Four

In Ground Four, Petitioner alleges the trial court erred in denying the motion for a mistrial which deprived him of his right to fair trial with an untainted and impartial jury. ECF No. 1 at 11. Respondent argues that Ground Four is procedurally defaulted because it was found to be procedurally barred on direct appeal. ECF No. 23 at 16. Petitioner does not address the procedural default issue in his Response but generally argues the issues have merit. ECF No. 36.

Ground Four was raised to the attention of the South Carolina Court of Appeals on direct appeal. *See* ECF No. 23-5 (see issue three). In addressing the merits of this issue, the appellate court found:

With respect to [Petitioner's] motion for mistrial based on the conduct of the victim's mother, the trial court questioned jurors to determine any prejudicial impact and replaced one juror with an alternate as a result of that process. After

20

these curative steps were taken, [Petitioner] failed to object to the curative measures or to renew the motion for a mistrial. Therefore, we find this issue to be unpreserved for our review. See State v. George, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) ("No issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial.").

ECF No. 23-8 at 3.

The undersigned finds Ground Four is procedurally defaulted because Petitioner failed make an objection to the trial court's ruling on the motion for mistrial. *See e.g., Weeks v. Angelone,* 176 F.3d 249, 269 (4th Cir. 1999) (emphasis added) ("Under the well-established doctrine of procedural default, a federal *habeas* court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule unless the prisoner can demonstrate cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice."); *Satterfield v. Zahradnick*, 572 F.2d 443, 446 (4th Cir. 1978) ("Errors at trial not objected to, in contravention of State contemporaneous objection rules, are not cognizable in federal habeas corpus proceedings, absent a showing of cause for non-compliance and prejudice."); *McKenzie v. Cartledge*, No. 8:13-CV-02488-RBH, 2014 WL 3919711, at *2 (D.S.C. Aug. 11, 2014) *appeal dismissed*, 595 F. App'x 240 (4th Cir. 2015) (finding a procedural bar where "Petitioner raised the issue on direct appeal to the South Carolina Court of Appeals, [and] the appellate court found that the issue was unpreserved for direct review. Indeed, South Carolina appellate courts require that issues be adequately raised to and ruled upon by a trial court for appellate review for error.").

Concerning Ground Four, Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or

21

that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602-03 (4th Cir. 1996). The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488.   Having reviewed the record, evidence, and the parties' legal memoranda, the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of Ground Four. Thus, Ground Four is procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* (internal citation omitted). The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, Ground Four is procedurally barred from consideration by this court and should be dismissed. The

undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Four.[3]

### 2.      Ground Five

In Ground Five, Petitioner maintains that his Sixth Amendment right was violated when Timothy Clardy was appointed to represent him in his appeal. ECF No. 1 at 13.

To the extent Petitioner has raised a cognizable claim concerning Ground Five, the undersigned finds this issue is procedurally barred because it was never raised to and ruled upon in state court. *See e.g., Weeks,* 176 F.3d at 269; *Satterfield*, 572 F.2d at 446; *McKenzie*, No. 8:13-CV-02488-RBH, 2014 WL 3919711, at *2. Nevertheless, the undersigned notes that Petitioner was represented in his direct appeal by attorneys with the South Carolina Commission on Indigent Defense. There is no mention of Timothy Clardy in the procedural history presented to the court. Furthermore, the South Carolina Court of Appeals reviewed Petitioner's entire case in an *Anders*' review, and instructed the parties brief three appellate issues for the court's consideration. Therefore, to the extent Petitioner has raised a cognizable habeas claim that is not barred from review, Petitioner has failed to indicate any prejudice he suffered as a result of Attorney Clardy being retained.

### 2.      Ground Six

In Ground Six, Petitioner alleges that his Sixth Amendment right was violated when Hugh Welborn was appointed to represent Petitioner in his PCR hearing and was unable to identify him and was unfamiliar with Petitioner's case. *Id.* Respondent argues that Petitioner is

---

[3] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Ground Four.

essentially alleging "infirmities in the state post-conviction action, [and] those are not matters that may be addressed in federal habeas actions." ECF No. 23 at 17. Further, Respondent argues: "In short, Petitioner fails to state any cognizable claim based on federal law that could be reached in his action." *Id.* at 18.

The undersigned finds that Ground Six is not a cognizable ground upon which habeas relief may be granted. To be eligible for habeas relief, a Petitioner must maintain that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As Respondent maintains, broad complaints concerning infirmities within the state actions or procedures do not rise to the level necessary to warrant habeas relief. The Fourth Circuit Court of Appeals has held that an attack on PCR proceedings is not a cognizable federal habeas issue. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself"). Therefore, Petitioner has failed to state a claim upon which habeas relief may be granted in Ground Six. Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment on Ground Six.

B.  Merits-Grounds One, Two, and Three

1.    Grounds One, Two, and Three—Spectator Influence

In Grounds One, Two, and Three Petitioner alleges he received ineffective assistance of trial counsel in violation of his Sixth Amendment rights. ECF No. 1 at 6, 8, 9. Petitioner bases Ground One on trial counsel's failure to "object to the trial judge's remedies." *Id.* at 6. Petitioner

bases Ground Two on trial counsel's failure to resubmit a motion for a mistrial. *Id.* at 8. Finally, in Ground Three Petitioner alleges that trial counsel "failed to properly preserve the issue of spectator influence." *Id.* at 9. As Respondent represents, these grounds all concern the same basic facts, trial motion, and trial court remedy. Therefore, the undersigned will address these grounds together.

During Petitioner's criminal trial following the charge to the jury and after the jury was excused, trial counsel moved for a mistrial after discovering that the victim's mother was holding a picture of the victim. App. 683. Specifically, Petitioner's trial counsel stated:

> I'd like to note for the record, the victim's mother or relative apparently is facing the jury with a picture of [victim], apparently coughed throughout the argument and showed a picture to the jury. And I am moving at this time for a mistrial. Actually, I'm going to move it as double jeopardy, as well your Honor.

*Id.* After the motion, the trial court asked all the attorneys whether they had seen the picture, and only trial counsel White had noticed it after her closing argument during the jury charge when the victim's mother was allegedly "flashing it and coughing." App. 684.

The trial court then questioned the two alternate jurors concerning whether they had seen the picture.  *Id.* One alternate indicated that she did not see the picture because a "podium block[ed] [his] view." App. 685. The other alternate juror admitted that she had noticed the picture prior to the trial's counsel's motion for a mistrial. *Id.* The trial court then brought the jury back into the court room, and two jurors indicated that they observed the woman holding a picture. App. 688-89. Upon questioning, the first juror indicated that he did not who the woman was and did not know whose picture she was holding. App. 690. Upon questioning, the second juror indicated that he did not who the woman was who was holding the picture but assumed the picture was of the victim. *Id.* The second juror explained that he assumed the picture was of the

25

victim because he and his wife "lost a child last year in a motorcycle accident, and [they] would probably do something similar. . . ." App. 691. After questioning the trial court replaced the second juror with the alternate juror who had not seen the picture. App. 692.

After the juror replacement, the trial court denied Petitioner's motion for a mistrial and explained:

> I have interviewed all 14 jurors. Only one juror identif[ied] the picture as [victim]. The other 12 are now on the jury, which includes the alternate, who did not see [the victim's mother] holding her son's picture. Except one lady said she glanced at her, saw the picture, did not know who it was; and did not know who the picture was. So your motion for mistrial and your motion I believe for jeopardy to attach, whatever your motion was, is denied.

App. 693. After the trial court's ruling, Petitioner's trial counsel had the picture marked as an exhibit but made no further motions. App. 693-94.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington* the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. 466 U.S. at 687. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, the PCR court found Petitioner had failed to meet his burden of demonstrating that trial counsel was ineffective because no deficiency can be found where "there is no legal or

26

factual basis for an objection bottomed and premised." App. 796. Additionally, the PCR court noted that a mistrial is only warranted in situations where an error would cause defendant to suffer prejudice. *Id.* Furthermore, the PCR court found that the trial court went to extraordinary measures to cure any taint from the alleged spectator influence. App. 797. Finally, the PCR court described the incident as "not inherently prejudicial." *Id.*

The undersigned finds Petitioner has failed to demonstrate either *Strickland* prong. First, trial counsel made an objection when improper action was taken by a member of the gallery. Next, the trial court's measures ensured that Petitioner did not suffer any prejudice from the action taken.  Therefore, the undersigned finds that the PCR court's dismissal of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of federal law. Accordingly, the undersigned finds that Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d) & (e)(1). As a result, the undersigned finds that Grounds One, Two, and Three are without merit and should be dismissed.

> 2.     Grounds in Petitioner's Motion to Amend

In his Motion to Amend, ECF No. 37, Petitioner raises the following five Grounds as paraphrased by the undersigned:

> Ground One:  Error of PCR counsel in raising the issue of "failure for defense counsel to allow the defendant to plead guilty." ECF No. 37 at 1.

> Ground Two:  Sixth Amendment right violation occurred when "a spectator held up a photograph in a possible, if not effective, attempt to elicit sympathy from a juror or jurors." *Id.* at 1-2.

> Ground Three:  Sixth Amendment violation occurred when trial counsel failed to have Petitioner undergo a psychological evaluation. *Id.* at 2.

27

Ground Four: A Sixth Amendment violation occurred when trial counsel failed to properly investigate the issues leading up to Petitioner's arrest. *Id.* at 3.

Ground Five: A Sixth Amendment violation occurred when "trial counsel Breached contractual duty, and/or again when subsequent counsel breached similar, if not the same duties, Petitioner gave instruction as to the situations of the case, and counsel chose not to follow." *Id.* at 4-5.

In his Response, Respondent argues that Petitioner's amendments are not timely, and are therefore barred under the Statute of Limitations. ECF No. 38 at 2. Even if Petitioner's Amended Grounds are timely, the undersigned recommends they be denied. First, as Respondent indicates, error of PCR counsel, as alleged in Amended Ground One, in this circumstance is not a cognizable habeas ground. *Lawrence*, 517 F.3d at 717. Second, Amended Ground Two, whether interpreted as trial court error or trial counsel error should be denied. The undersigned has already recommended denying this ground in sections III(A)(1) and III(B)(1) above for either a procedural bar or lack of merit. Finally, Amended Grounds Three, Four, and Five are procedurally defaulted. *See Weeks,* 176 F.3d at 269; *Satterfield*, 572 F.2d at 446; *McKenzie*, No. 8:13-CV-02488-RBH, 2014 WL 3919711, at *2. Therefore, the undersigned cannot consider the merits of these Grounds. *See Kornahrens*, 66 F.3d 1350. Moreover, as held in section (III)(A)(1), the court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default.

Even considering the Amended Grounds raised in Petitioner's Motion to Amend his Petition, the undersigned finds that Petitioner has failed to present a meritorious Ground on which habeas relief may be granted. Therefore, the undersigned recommends denying Petitioner habeas relief on the Grounds raised in Petitioner's Motion to Amend.

IV.     Conclusion and Recommendation

28

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

March 21, 2016                                   Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**